IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SEAN FIELDS, FR-5692,  )
    Petitioner,  )
)
v.  ) 2:14-cv-743
)
NANCY GIROUX, et al.,  )
    Respondents.  )

MEMORANDUM OPINION and ORDER

Mitchell, M.J.:

    Sean Fields an inmate at the State Correctional Institution at Albion has presented a petition for a writ of habeas corpus. For the reasons set forth below the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Fields is presently serving a life sentence imposed following his conviction by a jury of criminal homicide and uniform firearms violation at No. CC 200301178 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on January 22, 2004.[1]

    An appeal to the Superior Court was filed in which the questions presented were:

1. Whether the trial court abused its discretion by allowing photographs to be admitted into evidence, when the prejudice outweighed the probative value?

2. Whether the trial court erred or abused its discretion by failing to instruct the jury on self-defense?

3. Whether the trial court abused its discretion in failing to properly instruct the jury when they asked a specific question concerning alleged testimony concerning the owner giving Defendant permission to the use of his car?[2]

On September 14, 2005, the judgment of sentence was affirmed.[3] A petition for leave to appeal to the Pennsylvania Supreme Court was denied on December 20, 2005.[4]

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Commonwealth Appendix at p.79.
[3] Id. at pp.138-143.
[4] Id. at p. 189.

A timely post-conviction petition was filed on January 24, 2006 raising the following issues:

1. Defense counsel was ineffective for failure to object to the jury instructions regarding the inference of a specific intent to kill.

2. Appellate counsel was ineffective for failure to preserve the issue regarding defense counsel's failure to object to the jury instructions regarding the inference of a specific intent to kill.

3. Trial counsel was ineffective for failure to object to the introduction into evidence of taped statement from John Everett, a Commonwealth witness.

4. Appellate counsel was ineffective for failure to object to the introduction of a taped statement from John Dominic Everett, a Commonwealth witness.[5]

On July 15, 2009, a new trial was granted based on the denial of the effective assistance of counsel.[6] The Commonwealth filed an appeal from this determination and on December 23, 2010, the Superior Court reversed the grant of a new trial and remanded for an evidentiary hearing to determine whether or not counsel was ineffective in failing to challenge the Commonwealth's foundation for admission of witness Everett's prior statement as recorded recollection.[7]

The remand hearing was conducted on March 21, 2011 and on July 19, 2011, the post-conviction court again granted a new trial.[8] The Commonwealth again appealed, and on June 25, 2013, the Superior Court again reversed the grant of a new trial and reinstated the judgment of sentence.[9] Reargument was denied on August 29, 2013.[10] Leave to appeal was denied by the Supreme Court on April 1, 2014.[11]

In the instant petition executed on May 29, 2014, Fields contends he is entitled to relief on the following grounds:

1. The trial court abused its discretion in failing to properly instruct the jury concerning a specific question raised by the jury, in violation of the right to a fair trial and due process.

---

[5] Id at p. 341.
[6] Id. at pp.338-346.
[7] Id. at pp.462-467.
[8] Id. at pp.477-482.
[9] Id. at pp. 603-618.
[10] Id. at p.662.
[11] Id. at p.678.

2. Petitioner was deprived of his state and federal constitutional right to effective assistance of counsel in the following respects:

   a. Trial counsel failed to object to the introduction of a taped statement of a witness not available for cross-examination.
   b. Trial counsel failed to object to Commonwealth hearsay of Mr. Brognow introduced by Det. Yingling during the trial. Det. Yingling testified that Steve Brognow stated he loaned defendant his Dodge Neon on the night of the shooting.
   c. Trial counsel failed to call or investigate Mr. Louis Lee where, as counsel should have known, his previous testimony from the preliminary would have changed the outcome that the deceased started the pushing.

3. Whether the appellate court overlooked or misapprehended controlling or directly relevant authority concerning the application of Crawford v. Washington, 541 U.S. 36 (2004) regarding the introduction of the Everett tape.

4. Whether the appellate court overlooked or misapprehended controlling directly relevant state law concerning past recollection recorded standard Pa.R.E. 803.1(3) in violation of due process and equal protection.

The factual background to Fields' conviction is highly relevant.

At approximately 9:30 [p.m.] on December 28, 2002, Moon Township police responded to a report of a shooting in a parking lot across from Chez's Lounge. They discovered the body of Rashan Harris, who died from gunshot wounds to the back of the head, neck, and leg. [Harris] had been shot with a nine millimeter Glock pistol from a range of six to twelve inches. No gun was discovered on [Harris's] body or in the vicinity of the body.

Three witnesses saw [Fields] and [Harris] arguing in the parking lot and then observed [Fields] arguing in the parking lot and then observed [Fields] shoot the unarmed [Harris]. One eyewitness had been acquainted with [Fields] for three months at the time of the incident. The motivation for the attack was a verbal altercation inside of Chez's Lounge among [Harris], [Fields], and Marquette Williams, a friend of [Fields]. Witnesses observed [Harris] leave the bar after the altercation, and [Fields] follow him outside…

At Fields's jury trial, the Commonwealth presented testimony of four witnesses who were either inside Chez's Lounge or near the parking lot around the time of the shooting. However, none of them conclusively identified Fields as the shooter.

The sole eyewitness, John Dominic Everett, was called to testify, but was unable to recount anything about the shooting because he suffered from general memory-loss and also suffered from trauma related to the recent death of his five-year-old

son. As a result, without objection from trial counsel, the trial court permitted the Commonwealth to play and admit into the record a tape-recorded statement Everett previously made to police directly implicating Fields as the shooter.

At the conclusion of the trial, Fields was adjudicated guilty of first-degree murder and a violation of the Uniform Firearms Act…

Without holding an evidentiary hearing, the PCRA court vacated Fields's judgment of sentence and remanded for a new trial, finding that trial counsel was ineffective for failing to object to the admission of Everett's tape-recorded statement. The basis of the PCRA court's ruling was that the Commonwealth did not lay a proper foundation to admit the statement under the recorded recollection exception to the hearsay rule, because 1) Everett's claim of insufficient recollection was fabricated, 2) the Commonwealth failed to have Everett "vouch" for the accuracy of the tape-recorded statement, 3) the Commonwealth failed to attempt to refresh Everett's recollection prior to playing the tape, and 4) admission of the statement unfairly prejudiced Fields.[12]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental

---

[12] Id. at pp.603-605 (Superior Court Memorandum of June 25, 2013).

miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010). This is a very difficult burden to meet. Harrington v. Richter, 131 S.Ct. 770 (2011).

Fields' first issue is that the trial court abused its discretion in failing to reinstruct the jury concerning its request "to hear the portion of the transcript that references the owner of the Neon giving permission to Cleve[13] to have use of his car on 12-28-02." (TT.367). After consulting with counsel the court informed the jury that it would have to rely on the members' recollection of the testimony. (TT.369).This issue was raised as petitioner's third issue in his direct appeal, and is properly before this Court.

Initially, we observe that when a challenge to jury instructions is raised those instructions must be viewed as an entity. Estelle v. McGuire, 502 U.S. 62 (1991); Riley v. Taylor, 277 F.3d 261 (3d Cir. 2001)(en banc). Additionally, as a general proposition, the propriety of jury instructions is a matter determined under state law and rests within the discretion of the state court unless it is demonstrated that a due process violation has occurred. Hallowell v. Keve, 555 F.3d 103 (3d Cir. 1977). Furthemore, as the Superior Court observed "the car was irrelevant to the homicide and the unlicensed firearm charges before the jury." [14]

---

[13] "Cleve" is the petitioner's nickname.
[14] Id. at pp.142-143.

Thus, a due process violation cannot be said to have occurred, where, as here the objection was to a matter that rests solely within the discretion of the trial court, there was no abuse of that discretion, and the matter at issue was determined to be irrelevant to the petitioner's conviction and does not provide a basis for relief.

Fields contends in his second issue that counsel was ineffective for failing to object to the introduction of the taped statement of Everett; for failing to object to the introduction of hearsay testimony of an individual about the car being loaned to petitioner and for failing to investigate or call as a witness Louis Lee who would have provided a basis for a self-defense claim.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

In his claim of ineffective counsel, petitioner raises only one issue, i.e., failing to object to the introduction of the Everett statement which was raised in the Pennsylvania courts.[15] The other two claims were not raised in the state courts in the first instance, can no longer be raised in those courts and are procedurally defaulted. In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

---

[15] Everett who had previously given an eyewitness statement to police implicating the petitioner, testified at trial that he remembered making a statement to the police; that statement was accurate but that he had no present recollection of the events (TT 160-163). A transcript of the statement appears at Appendix pp 679-683.

6

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here further consideration of these issues is not warranted here.

Following Everett's testimony in which he denied any current recollection of the shooting, he testified that he remembered meeting with the police shortly after the events and that any statements he made to them were truthful (TT 160-163) . The Commonwealth called Detective Yingling to testify. Yingling testified that he met with Everett who gave a taped statement about the events in exchange for a representation that his cooperation would be acknowledged as part of other criminal proceedings pending against him (TT 165-171). Without objection, the taped statement was then played for the jury (TT 171). During the post-conviction proceedings the court granted a new trial based on the admission of this statement, but on appeal the Superior Court determined that the issue was not one of confrontation but rather a matter of evidence under Pa.R.E. 803.1(3) regarding the admissibility of past-recollection recorded. The latter rule provides:

> The following statements are not excluded by the rule against hearsay if the declarant testifies and is subject to cross-examination about the prior statement:
>
> (3) A memorandum or record made or adopted by a declarant-witness that:
>
> (A) Is on a matter the declarant witness once knew about but now cannot recall well enough to testify fully and accurately;
>
> (B) Was made or adopted by the declarant-witness when the matter was fresh in his or her memory; and
>
> (C) The declarant-witness testified accurately reflects his or her knowledge at the time when made.
>
> Specifically, in reviewing this matter, the Superior Court wrote:
>
> On February 6, 2003, approximately five weeks after the shooting, Detective Lee Yingling met with Everett at the Beaver County Jail. At that time, Everett

7

provided Detective Yingling with a taped statement. In his statement, Everett related that he was sitting in his truck outside Chez's Lounge when he saw an argument spill out of the bar into the parking lot. Everett saw Fields pull out a gun and threaten a man "telling him I'm going to bustling [sic] on you and put a cap into you." Fields said something to the effect of, "Put on [sic] in you or bust a cap into your head or something like [sic]." Everett stated that he had known Fields for three months and "it was [Fields] that definitely came out with this other man." Everett could not identify the other individual. At that point, after Everett saw Fields draw his handgun, he immediately left the area.

At trial, Everett remembered making the statement on February 6, 2003. Everett affirmed his prior statement as "the truth"; however, he claimed he could no longer remember what happened on December 28, 2002. Everett did express consternation at being housed in Allegheny County Jail over the weekend prior to his trial testimony, and also indicated that he did not receive adequate consideration in exchange for his statement to police… Everett also testified that his five-year-old son died the previous Monday and he was not able to attend the funeral.

Detective Yingling testified that approximately a week and a half before trial, he and ADA Tranquilli visited Everett at the Beaver County Jail. At that time, Everett did not report any memory loss concerning the events in question… (record references omitted).[16]

As a result, the Superior Court concluded:

Therefore, we respectfully disagree with the PCRA court that where, as here, it appears that the witness is feigning lack of memory, his or her statement is necessarily inadmissible under the past recollection recorded exception to the hearsay rule. It is sufficient if the witness testifies that he cannot recall the events in question; it is not necessary for the proponent of the statement to ascertain whether the witness's lack of memory is, in fact, genuine…

It was established that Everett was at the scene of the crime and had first-hand knowledge of the events; the tape-recorded and transcribed statement to police was an original memorandum made at or near the time of the event, i.e., only five weeks subsequent, and while the witness still had a clear and accurate memory of it; and Everett vouched for the accuracy of the prior statement. Everett testified on three separate occasions that his statement to Detective Yingling was true and accurate…(record citations omitted).[17]

---

[16] Appendix at pp.610-612.
[17] Id. at pp. 614-615.

8

As a result the Superior Court reversed the grant of a new trial, concluding that as a matter of Pennsylvania law, the statement was admissible.[18] Accordingly, since the issue was resolved as a matter of state law, it is not subject to review here, Swarthout v. Cooke, 131 S.Ct. 859 (2011)[19]. Additionally, counsel cannot be deemed ineffective for failing to raise a meritless issue. Real v. Shannon, 600 F.3d 202 (3d Cir. 2010).

The final issue which Fields raises is that the Pennsylvania courts misapplied Crawford v. Washington, 541 U.S. 36, 59 fn.9 (2004) which states that "we reiterate that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statement...The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." Crawford was decided on March 8, 2004; petitioner's trial occurred on October 20-22, 2003. Thus, because Fields' trial occurred prior to Crawford, counsel cannot be deemed ineffective for failing to anticipate the latter's conclusion. Chaidez v. United States, 133 S.Ct. 1103, 1111 (2013). However, because Shields' conviction did not become final until December 20, 2005, the holding in Crawford is applicable to his conviction. See: Whorton v. Bockting, 549 U.S. 406, 409 (2007) (Crawford is not applicable to cases which were final on direct review at the time of the decision).

"Neither the Confrontation Clause nor Federal rule of Evidence 802 is violated by admission of an identification statement of a witness who is unable, because of a memory loss, to testify concerning the basis for the identification." United States v. Owens, 484 U.S. 554, 564 (1988). In the instant case, although alleging a lack of any present recollection of events, Everett was cross-examined and defense counsel was able to challenge his mental lapse (TT.160-163). Finally, in his closing defense counsel argued Everett's motive and credibility (TT.288-290).

In a case very factually similar to the instant one, Young v. Grace, 2010 WL 3489046 *15-16 (M.D.Pa.), the Court wrote:

> In *United States v. Owens*, [supra], the Court was squarely presented with the question of whether a **witnesses'** lack of memory violates the **confrontation clause** and found that " 'the **Confrontation Clause** guarantees only an *opportunity* for effective cross-examination, **not** cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.' "

---

[18] In his fourth issue Fields contends that the appellate court misinterpreted Pa.R.E. 803.1(3). Clearly, this is a matter of state law and not subject to resolution here. Swarthout v. Cooke, infra

[19] We note parenthetically that the Pennsylvania Rule is essentially the same at F.R.Evid. 803(5) which provides a hearsay exception for admissibility of a statement made at or near the time of the events for which the witness claims he no longer has sufficient recollection.

9

> "The weapons available to impugn the **witness' statement** when memory loss is asserted will of course **not** always achieve success, but successful cross-examination is **not** the constitutional guarantee." The Court ultimately held that neither the rules of evidence nor the **confrontation clause** are "violated by admission of an identification **statement** of a **witness** who is unable, because of memory loss, to testify concerning the basis for the identification." (internal citations omitted)(emphasis in original).

Having drawn this conclusion, the Court in Young concluded that as a result of a memory lapse, the witness was not "unavailable" since the opportunity for cross-examination existed as a result of the presence of the witness, and introduction of his prior statement did not violate the confrontation clause.

In the instant case, as the Superior Court explained,

> Fields is not entitled to the benefit of Crawford's holding[20]. In addition, while we appreciate the PCRA court's concerns regarding defendants' Sixth Amendment right to confrontation where a witness claims he cannot remember the events in question and his prior statement is admitted as substantive evidence, we note that trial counsel questioned Everett extensively on cross-examination about his purported memory loss, and used it to attack his credibility during closing argument to the jury (record references omitted).[21]

See also: Yanez v Minnesota, 562 F.3d 958, 964 (8th Cir. 2009) ( the witness' "inability to recall the details of her prior statement or the incidents that led to those statements did not render the admission of the out-of-court testimonial statements constitutionally defective.") .For this reason, Field's Crawford claim likewise does not provide a basis for federal relief.

Because it is apparent that Fields' conviction "was [not] contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States", he is not entitled to relief here. Accordingly, the petition of Sean Fields for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[20] While we note that the Superior Court made this determination on the basis that Crawford was decided subsequent to the petitioner's trial, his conviction had not become final until after Crawford was announced and for this reason Crawford is applicable.
[21] See; Appendix at p. 618 fn.3.

ORDER

AND NOW this 18th day of August, 2014, for the reasons set forth in the foregoing Memorandum,

IT IS ORDER that the petition of Sean Fields is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell<br>
United States Magistrate Judge